*172 STAPLETON, Circuit Judge,
concurring.
I agree with my colleagues that the judgment of the District Court must be reversed. I reach this conclusion by a somewhat different route, however.
Format and Widewaters were sophisticated business entities who negotiated an option contract. Under the terms of the contract when read literally, Format was buying an option to purchase the property for $4,081,023 in the event it satisfied itself, in its sole discretion, that the property was suitable for development. Contract, Section 7, Appendix 44. It was never obligated to purchase the property, and at any point in time it could walk away without paying more than it had already paid for its option. But this was not unfair, unreasonable or absurd because Widewaters could terminate the option without adverse consequence to itself if Format ever ceased to pay what was required to keep the option alive. Under Section 8 of the contract, if Format ceased paying extension fees beyond any applicable notice and cure period, Widewaters was entitled to walk away with everything it had received “and neither party [would] have any further obligation or liability to the other.” Widewaters chose not to avail itself of this option in January, 2001, and monthly thereafter, but it had a right each month to terminate Format’s option and sell the property to a third party.
Finding no unreasonableness or absurdity in the contract, I would remand and direct the District Court to enter judgment for Format.